ELIZABETH C. HARRIS *v.* DWIGHT C. HARRIS
(SC 17897)

Katz, Palmer, Vertefeuille, Zarella and Sullivan, Js.

Argued November 19, 2008—officially released April 28, 2009

*Karen L. Dowd,* with whom was *Brendon P. Levesque,* for the appellant (defendant).

*Opinion*

VERTEFEUILLE, J. This certified appeal arises out of a postjudgment motion for contempt filed by the plaintiff, Elizabeth C. Harris, relating to the judgment of the trial court dissolving her marriage to the defendant, Dwight C. Harris. On appeal, the defendant asserts that the Appellate Court improperly dismissed his appeal from the order of the trial court finding him in contempt for lack of a final judgment. After this appeal was certified, the trial court rendered a final decision resolving all issues relating to the motion for contempt, and the defendant appealed from that decision to the Appellate Court. Because there is no longer any controversy between the parties about the appealability of the finding of contempt, this appeal is moot.

The following facts and procedural history provide the necessary background for our decision. On July 29, 1994, the trial court rendered judgment dissolving the parties' marriage and entered various financial orders, including an order that the defendant pay the plaintiff a percentage of any partnership distributions, loan repayments or any other remuneration received from certain real estate partnerships. In October, 2005, the plaintiff filed a motion for contempt, alleging that the defendant had refused to pay certain amounts owed

under this provision of the financial orders and seeking an additional payment order relating to these partnerships, plus statutory interest, attorney's fees and costs.

After a hearing, the trial court found the defendant in contempt for wilfully violating the financial order and ordered him to make certain specified payments to the plaintiff with regard to the partnerships. In its memorandum of decision dated November 21, 2006, the trial court explained that these payments, in the absence of an agreement by the parties, were subject to further audit for the years 2005 and 2006 because the data relating to those two years was not fully available at the time of the contempt hearing. The trial court also ordered that the defendant pay 10 percent interest on the amounts owed pursuant to General Statutes § 37-3a (a).[1] The trial court further ordered the parties' counsel to calculate the interest payment due and to report to the court by certain dates whether they had reached an agreement. In the event the parties were unable to reach an agreement by the court-ordered dates, the calculation would be made by the court.

On December 11, 2006, the defendant filed an objection to the plaintiff's calculation of interest. The trial court did not issue an immediate decision, but ordered the parties to submit additional information on the issue of compound interest.

On December 15, 2006, the defendant appealed to the Appellate Court from the ruling of the trial court finding him in contempt. Thereafter, the Appellate Court ordered the parties to appear for a hearing as to why the appeal should not be dismissed for lack of a final judgment. After oral argument on that issue, the

---

[1] General Statutes § 37-3a (a) provides in relevant part: "[I]nterest at the rate of ten percent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable. . . ."

Appellate Court dismissed the defendant's appeal for lack of a final judgment "because, at the time this appeal was filed, there had not yet been a final determination of (1) damages for the years 2005 and 2006, and (2) the amount of prejudgment interest on the damages already awarded [to] the plaintiff."

Subsequently, the defendant petitioned for certification to appeal to this court. We granted the defendant's petition for certification, limited to the following issue: "Did the Appellate Court properly dismiss this appeal for lack of a final judgment?" *Harris* v. *Harris*, 282 Conn. 911, 922 A.2d 1098 (2007).

While the defendant's appeal was pending in this court, but prior to oral argument in this court, the trial court issued a memorandum of decision with regard to the contempt motion, dated July 31, 2008, resolving the previously unresolved issues, including the calculation of interest on the plaintiff's award of damages. The defendant then amended this certified appeal in order to add a challenge to the July 31, 2008 decision of the trial court. Simultaneously, the defendant also filed a separate appeal in the Appellate Court. The defendant raises the identical legal claims in both the amended, certified appeal in this court and the new appeal in the Appellate Court.

Thereafter, sua sponte, we ordered the parties to submit supplemental briefs to address why the certified appeal in this court should not be dismissed as moot.[2]

"Mootness implicates [this] court's subject matter jurisdiction and is thus a threshold matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requi-

---

[2] Our order for supplemental briefing provides as follows: "The parties are hereby ordered to file simultaneous supplemental briefs addressing the issue why the appeal should not be dismissed as moot. The briefs, which may not exceed five (5) pages, must be filed on or before October 17, 2008."

site to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. . . . When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation marks omitted.) *Dutkiewicz* v. *Dutkiewicz*, 289 Conn. 362, 366, 957 A.2d 821 (2008). "In other words, where the question presented is purely academic, we must refuse to entertain the appeal." (Internal quotation marks omitted.) *Statewide Grievance Committee* v. *Burton*, 282 Conn. 1, 14, 917 A.2d 966 (2007).

In the present case, the sole issue certified by this court is whether the Appellate Court properly dismissed the defendant's appeal for lack of a final judgment. There is now no dispute between the parties that the trial court's July 31, 2008 ruling constituted a final determination of the previously unresolved issues on which the Appellate Court based its determination of lack of a final judgment. Accordingly, there is no longer an actual controversy between the parties regarding whether there is an appealable final judgment in this matter.

Moreover, as we previously have noted herein, the defendant already has filed a new appeal in the Appellate Court that raises the identical issues raised in the amended, certified appeal presently before us. Even if we were to conclude that the Appellate Court improperly dismissed the appeal for lack of a final judgment, this court would reverse the judgment of the Appellate Court and remand the case to that court for consideration of his claims relating to the trial court's order

finding the defendant in contempt. Because the defendant already has a new appeal pending before the Appellate Court in which he can address all claims related to the finding of contempt, including the initial ruling in November, 2006, and all subsequent rulings, including the final ruling on July 31, 2008, we would grant him no practical relief by deciding the certified appeal. The defendant's appeal, therefore, is moot.

The appeal is dismissed.

In this opinion the other justices concurred.